# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| MICHAEL GORDON COKER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:17-CV-119 (LAG) |
| : | |
| TURNER COUNTY BOARD OF : | |
| COMMISSIONERS, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER

Before the Court is the Parties' Joint Motion to Stay Proceedings Pending Approval of Settlement Agreement, for Approval of Settlement Agreement, and for Entry of Order of Dismissal With Prejudice, and Supporting Memorandum of Law (Motion) (Doc. 32). Therein, the Parties request that the Court stay all pretrial proceedings, enter an order approving their proposed Fair Labor Standards Act settlement agreement, and dismiss this case with prejudice. For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

On June 22, 2017, *pro se* Plaintiff Michael Coker initiated this action against Defendants Turner County Board of Commissioners and Turner County, Georgia (collectively Defendants). (Doc. 1.) Plaintiff asserts claims under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34. (*Id.* at 3.) Plaintiff alleges that he was wrongfully terminated from his job as Recreation Director of Turner County. (*Id.* at 5–6.) Plaintiff further alleges that Defendants failed to pay him overtime compensation in violation of the FLSA. (*Id.* at 5.) Defendants filed

1

an Answer on October 4, 2017, denying Plaintiff's allegations that he was discriminated against and was not paid for overtime work hours. (Doc. 6 at 3.)

Defendants also filed a Motion to Dismiss on October 4, 2017. (Doc. 10.) On January 2, 2018, the Court granted Defendants' Motion to Dismiss but gave Plaintiff leave to amend his Complaint. (Doc. 12.) On May 8, 2018, Plaintiff filed an Amended Complaint again asserting claims under the FLSA, Title VII, and the ADEA. (Doc. 16 at 1–2.) On May 11, 2018, Defendants filed an Answer to the Amended Complaint, denying Plaintiff's allegations. (Doc. 17.) On May 21, 2019, the Parties jointly moved to compel mediation with the U.S. Magistrate Judge. (Doc. 27.) On June 17, 2019, the Court granted the Parties' motion, stayed the case pending the outcome of mediation, and referred the case to the U.S. Magistrate Judge Thomas Q. Langstaff. (Doc. 28.)

The Parties engaged in mediation before Judge Langstaff on August 1, 2019. (Doc. 29.) Following mediation, the Parties filed the instant Motion and their proposed FLSA settlement agreement. (Doc. 32.) In their Motion, the Parties represent that they engaged in good faith, arms-length negotiations and that the negotiated settlement reached between them reflects a "fair settlement and compromise of all claims in this action." (*Id.* at 4.) While Plaintiff is proceeding *pro se*, the Parties represent that all Parties have "had the full opportunity to read and review the settlement agreement and discuss the same with counsel." (*Id.* at 5.) In the proposed settlement agreement, Defendants have agreed to pay Plaintiff $42,000.00 to settle his FLSA claim, including $21,000.00 for unpaid overtime compensation and $21,000.00 for liquidated damages, and $18,000.00 to settle his Title VII and ADEA claims. (*Id.* at 5–6.)

## DISCUSSION

The Eleventh Circuit has explained that claims for unpaid overtime compensation under the FLSA may only be settled or compromised (1) when the Department of Labor supervises the payment of back wages or (2) when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982). Here, the Parties seek to have the Court enter a stipulated judgment. Before approving an FLSA settlement, the Court must review the proposed agreement to determine if it is "a fair and reasonable resolution of a bona fide

dispute." *Id.* at 1355; *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013) (holding that the *Lynn's Food Stores* requirement of judicial approval of proposed FLSA settlement agreements also applies to settlements between former employees and employers). This is especially true where a plaintiff is proceeding *pro se*, as is the case here. Accordingly, if the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

## I. Bona Fide Dispute over FLSA Provisions

The Court must first determine whether there is a bona fide dispute. Plaintiff brings his claims under 29 U.S.C. § 216(b) for violations of unpaid overtime requirements of 29 U.S.C. § 207. Section 207 requires employers to compensate employees for hours worked in excess of forty hours per week at a rate of 1.5 times the employee's regular wage. 29 U.S.C. § 207(a). Here, the Parties dispute "the number of overtime hours that were actually worked and unpaid;" whether the subject hours are "considered compensable work time under the FLSA;" whether liquidated damages are appropriate, as Defendants contend that they can satisfy the "good faith" defense to liquidated damages under 29 U.S.C. § 260; and "whether Defendants [are] entitled to an offset for what Plaintiff [has] been paid." (Doc. 32 at 5.) There is, therefore, a bona fide dispute, and the Court must determine whether the Parties' proposed settlement is a "fair and reasonable" compromise. *Lynn's Food Stores*, 679 F.2d at 1355.

## II. Fair and Reasonable Settlement

In reviewing a proposed FLSA settlement agreement of a private claim, the Court "must 'scrutinize[] the settlement for fairness,' and determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Webb v. CVS Caremark Corp.*, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (quoting *Lynn's Food Stores*, 679 F.2d at 1353, 1355). Additionally, the Eleventh Circuit has expressly refused to impose any categorical rule barring district courts from refusing to approve a proposed FLSA settlement as "unreasonable based on non-monetary terms" and have, instead, left such determinations to the discretion of the district courts. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013); *see, e.g., Anthony v. Concrete Supply Co., Inc.*, 2017 WL 5639933, at *2 (N.D.

3

Ga. Aug. 23, 2017) (denying approval of settlement agreement because of confidentiality provision); *Guerra v. Flores*, 139 F. Supp. 3d 1288, 1292 (N.D. Ala. 2015) (holding proposed FLSA settlement agreement filed under seal for *in camera* review was unreasonable); *Webb*, 2011 WL 6743284, at *3 (denying approval of FLSA proposed settlement because confidentiality and pervasive release provisions were unreasonable). Accordingly, the Court must conduct an independent analysis of the proposed settlement agreement, including its non-monetary provisions.

### A. Settlement Amount

Under the proposed settlement, Plaintiff is to receive two separate payments. Plaintiff is to receive $42,000.00 to settle his FLSA claims, including $21,000.00 for unpaid overtime compensation and $21,000.00 for liquidated damages. (Doc. 32 at 10.) Plaintiff also is to receive $18,000.00 to settle his Title VII and ADEA claims. (*Id.*) The Parties represent that they collaborated with Judge Langstaff "to identify the precise scope of the time periods at issue for which overtime hours are alleged to have been worked and unpaid." (*Id.* at 5.) From that, the Parties, with Judge Langstaff's guidance, reached an agreement as to an equitable resolution. The Court thus finds that the settlement amount is fair and reasonable.

### B. "Release" Provision

The release provision requires Plaintiff to release all Defendants, and any party connected to the Defendants, "from any charges, claims, demands, actions, causes of actions, suits, damages, losses, expenses and liabilities of every type and description whatsoever up to and including the present time . . . ." (Doc. 32 at 11.) Plaintiff would further release all claims he may have against the released parties under an indefinite number of laws, "including but not limited to" claims arising under: "all federal, state, and local" law, whether "constitutional, statutory, or common law;" the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1983, 1985 and 1988; Title VII; the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990, as amended; the Older Workers Benefit Protection Act; the Rehabilitation Act of 1973; the FLSA; and various other state contract and tort laws. (*Id.* at 11–12.) Moreover, the proposed settlement agreement also provides for a release of "all claims of every nature and kind whatsoever (whether known, unknown, suspected, or unsuspected)" that Plaintiff

4

may have. (*Id.* at 13.) Finally, the proposed settlement agreement includes a separate provision entitled "Full and Final Release," containing the same broad release contained in the general release provision. (*Id.* at 16–17.)

Courts generally will not approve broad, so-called "pervasive releases" of claims or causes of action that are not currently before the Court in the FLSA action in exchange for settlement of Plaintiff's FLSA claims alone. Courts, however, may approve a pervasive release in a FLSA case "when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA." *Fusic v. King Plastic Corp.*, 2018 WL 7364567, at *3 (M.D. Fla. Mar. 19, 2018) (collecting cases); *Weldon v. Backwoods Steakhouse, Inc.*, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) ("[I]f a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible."). Courts may also approve a pervasive release where a plaintiff settles more than his FLSA claim. *See Parker v. Encore Rehab., Inc.*, 2012 WL 6680311, at *6 (S.D. Ala. Dec. 21, 2012) (stating that plaintiff's release of non-FLSA claims may be "fair and permissible" if the claims are brought in the current action). Here, Plaintiff also is settling claims brought pursuant to Title VII and the ADEA. (Doc. 32 at 10.) As Plaintiff is being compensated in excess of the amount specifically provided for in relation to his FLSA claims and as he is settling non-FLSA claims, the release provision is acceptable.

### C. Confidentiality Provision

The proposed settlement agreement also contains a confidentiality provision, prohibiting either Party from disclosing information related to the present action. (*Id.* at 15.) "While an FLSA confidentiality provision is not per se unenforceable," courts "routinely strike these provisions." *Kelly v. Aspire Physical Recovery at Hoover, LLC*, 2018 WL 3186961, at *3 (N.D. Ala. June 28, 2018). These provisions are disfavored because they "prevent the employee from alerting other workers to potential FLSA violations on pain of personal liability." *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011). Approving such a provision would effectively "empower[ ] an employer to retaliate against an employee for exercising FLSA rights" if he decides to advise other employees of FLSA violations. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Accordingly, "[t]o uphold such provisions, the

proponents must show compelling reasons." *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1280 (N.D. Ala. 2014) (citation and internal quotation marks omitted); *Kelly*, 2018 WL 3186961, at *3 ("[A] party seeking to include [a confidentiality provision] must show compelling reasons why it should be upheld.").

Here, the Parties have not shown "compelling reasons" to permit the approval of the confidentiality provision. The confidentiality provision provides that neither party shall disclose the "nature and terms" of the proposed settlement agreement "at any time to any person or party . . . ." (Doc. 32 at 15.) Should either Party be asked about the matter, "the Parties may respond by stating that 'any and all disputes have been resolved to their mutual satisfaction,' or 'no comment.'" (*Id.*) The only excepted disclosures for Plaintiff are those made to "present or future legal counsel and any person who assists [Plaintiff] in tax advice and preparation." (*Id.*) Defendants, however, may disclose the information to Turner County's "elected and appointed officials, employees, directors, officers (including Constitutional Officers), agents, representatives, attorneys, other perceived in good faith by the County to have a 'need to know,' and in response to request pursuant to O.C.G.A. § 50-18-70 *et seq.*" (*Id.*) The provision also requires that, if the proposed settlement agreement becomes the subject of litigation, it must "be placed under seal before being filed in the public record . . . ." (*Id.*) Moreover, a Party who seeks to enforce any right under any provision of the proposed settlement agreement is entitled to recover "all reasonable attorneys' fees and costs incurred in connection with such action." (*Id.* at 14.) Thus, as written, the confidentiality provision would prevent Plaintiff from alerting other workers to any potential FLSA violations and permit Defendants to effectively retaliate against Plaintiff should he exercise his rights under the FLSA. *See Hogan*, 821 F. Supp. 2d at 1283; *Dees*, 706 F. Supp. 2d at 1242. Because the Parties have failed to show compelling reasons for the confidentiality provision, the Court cannot approve the proposed settlement agreement containing this provision.

### D. Non-Denigration Clause

Finally, the Court cannot approve the proposed settlement agreement because it contains a non-denigration clause. Courts routinely find non-denigration and non-disparagement clauses "to infringe on a plaintiff-employee's free speech rights." *Engledow v.*

*Houston Lake Funeral Home, LLC*, 2019 WL 2358404, at *3 (M.D. Ga. June 4, 2019) (collecting cases). "Courts have struck such provisions in FLSA settlement agreements, finding them to constitute a 'judicially imposed prior restraint in violation of the First Amendment.'" *Nichols*, 2013 WL 5933991, at *3 (quoting *Valdez v. T.A.S.O. Props., Inc.*, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010)). Here, the Parties are prohibited from "making derogatory statements about the other, their policies, and/or practices," agree to "not volunteer information about the other that is derogatory," and agree to not "cooperate with or assist any other person who is either contemplating or engaging in litigation with the other Party." (Doc. 32 at 16.) As written, the non-denigration clause is the type that courts have consistently held to be impermissible. Moreover, by prohibiting Plaintiff from cooperating or assisting any other person who seeks to engage in litigation with Defendants, the provision would impose a restraint on Plaintiff's free association rights. *See Nichols*, 2013 WL 5933991, at *4. "If the Court cannot impose a prior restraint on Plaintiff's ability to speak disparagingly about [Defendants], it follows that the Court may not impose a prior restraint on Plaintiff's right to assist a third party in some collective undertaking that may still have the effect of disparaging [Defendants]." *Id.* Accordingly, the Court cannot approve a proposed settlement agreement containing such a clause.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Parties' Motion (Doc. 32) for approval of their proposed settlement agreement. The Court, however, **GRANTS** the Parties' Motion to the extent it seeks to maintain the stay of all pretrial deadlines. Accordingly, within **thirty (30) days** of the date of this Order, the Parties may move for this Court's approval of an amended proposed settlement agreement consistent with this Order. All deadlines in this case remain **STAYED** pending the Parties submission of an amended proposed settlement agreement.

**SO ORDERED**, this 22nd day of November, 2019.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**