**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL GORDON COKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:17-CV-119 (LAG) |
| | : | |
| TURNER COUNTY BOARD OF | : | |
| COMMISSIONERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court is the Parties' Joint Motion for Approval of Amended Settlement Agreement and for Entry of Order of Dismissal With Prejudice, and Supporting Memorandum of Law (Motion) (Doc. 34). Therein, the Parties request that the Court approve their proposed Fair Labor Standards Act Settlement Agreement, as amended, and dismiss this case with prejudice. For the reasons set forth below, the Motion is **GRANTED**, the proposed Amended Settlement Agreement is **APPROVED**, and the action is **DISMISSED with prejudice**.

## BACKGROUND

On June 22, 2017, *pro se* Plaintiff Michael Coker initiated this action against Defendants Turner County Board of Commissioners and Turner County, Georgia (collectively Defendants). (Doc. 1.) Plaintiff asserts claims under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34. (*Id.* at 3.) Plaintiff alleges that he was wrongfully terminated from his job as Recreation Director of Turner County. (*Id.* at 5–6.) Plaintiff further alleges that Defendants failed to pay him overtime compensation in violation of the FLSA. (*Id.* at 5.) Defendants filed

an Answer on October 4, 2017, denying Plaintiff's allegations that he was discriminated against and was not paid for overtime work hours. (Doc. 6 at 3.)

On May 21, 2019, the Parties jointly moved to compel mediation with the Magistrate Judge. (Doc. 27.) On June 17, 2019, the Court granted the Parties' motion, stayed the case pending the outcome of mediation, and referred the case to Magistrate Judge Thomas Q. Langstaff. (Doc. 28.) The Parties engaged in mediation before Judge Langstaff on August 1, 2019. (Doc. 29.) Following mediation, the Parties filed their first joint motion for approval of their proposed settlement agreement. (Doc. 32.) On November 22, 2019, the Court denied approval of the proposed settlement agreement because it contained improper confidentiality and non-denigration clauses. (Doc. 33 at 5–7.) The Court, however, granted the Parties leave to file an amended proposed settlement agreement within thirty days. (*Id.* at 7.)

On December 16, 2019, the Parties filed the instant Motion and an Amended Settlement Agreement deleting the improper clauses. (Doc. 34.) The Parties again represent that the Amended Settlement Agreement is the product of good faith, arms-length negotiations and that the negotiated settlement reached between them reflects a "fair settlement and compromise of all claims in this action." (*Id.* at 4.) They further represent that all Parties, including Plaintiff who is proceeding *pro se*, have "had the full opportunity to read and review the settlement agreement and discuss the same with counsel." (*Id.* at 4–5.) The Amended Settlement Agreement again provides that Defendants shall pay Plaintiff $42,000.00 to settle his FLSA claim, including $21,000.00 for unpaid overtime compensation and $21,000.00 for liquidated damages, and $18,000.00 to settle his Title VII and ADEA claims. (*Id.* at 5–6.) Other than omitting the confidentiality and non-denigration clauses, the Amended Settlement Agreement is otherwise unchanged from the Parties' first proposed settlement agreement. (*See id.* at 9–19.)

## DISCUSSION

The Eleventh Circuit has explained that claims for unpaid overtime compensation under the FLSA may only be settled or compromised (1) when the Department of Labor supervises the payment of back wages or (2) when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*,

679 F.2d 1350, 1352–55 (11th Cir. 1982). Here, the Parties seek to have the Court enter a stipulated judgment. Before approving an FLSA settlement, the Court must review the proposed agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355; *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013) (holding that the *Lynn's Food Stores* requirement of judicial approval of proposed FLSA settlement agreements also applies to settlements between former employees and employers). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In its November 22, 2019 Order, the Court found that there was a bona fide dispute, the proposed financial settlement represented a fair and reasonable compromise of Plaintiff's claims, and the release provision was acceptable. (Doc. 33 at 4–5.) The Court, however, found that the confidentiality and non-denigration provisions were improper. (*Id.* at 5–7.) The Amended Settlement Agreement contains neither of these provisions, and the Court finds that the Amended Settlement Agreement represents a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

## CONCLUSION

For the reasons stated above, the Parties' Motion (Doc. 34) is **GRANTED**, the Amended Settlement Agreement is **APPROVED**, and Plaintiff's claims against Defendants are **DISMISSED with prejudice**.

**SO ORDERED**, this 3rd day of January, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**